UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH A. COLLINS,

Plaintiff,

v.

RICHARD V. SPENCER,

Defendant.

Case No.: 17-CV-1724 JLS (KSC)

**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**

(ECF Nos. 2, 3)

Presently before the Court is Plaintiff Joseph A. Collins's Motion to Proceed *In Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2). Also before the Court is Plaintiff's Motion for Appointment of Counsel ("Mot. for Counsel," ECF No. 3).[1]

\ \ \

\ \ \

\ \ \

---

[1] These two motions are identical to the two motions Plaintiff filed in Case No. 17-CV-1723. (*See* 17-CV-1723, ECF Nos. 2, 3.) Thus, the Court's reasoning below is almost identical to that in its Order in that case. (*See id.*, ECF No. 4.)

# IFP MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating his total monthly income is $6,400. (IFP Mot. 2.)[2] Plaintiff is currently employed by the Navy, has been since 2011, and expects no major change to his income in the next 12 months. (*Id.* at 2, 5) Plaintiff also indicates his total monthly expenses are $2,950 and that no one relies on him for support. (*Id.* at 5, 3.) Plaintiff does not explain why, given the fact his monthly income is over $3,000 greater than his monthly expenses, he would be unable to pay the $400 filing fee. Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP.

# MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests the Court appoint an attorney to represent him because his claim is meritorious, he has made a reasonably diligent effort to obtain counsel, and he is unable to find an attorney willing to represent him on terms he can afford. (Mot. for Counsel 1.)

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have the discretion to appoint counsel for indigent persons. This discretion, however, may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation

---

[2] For ease of reference, page numbers to docketed materials refer to the CM/ECF page number.

of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court finds that Plaintiff has not satisfied the standards for appointment of counsel under 28 U.S.C. § 1915(e)(1). Plaintiff brings this action alleging discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964 and to the Age Discrimination in Employment Act of 1967. ("Compl.," ECF No. 1, at 3.) He alleges the discriminatory conduct includes retaliation and being subjected to a hostile work environment. (*Id.* at 4.) First, the likelihood of Plaintiff's success on the merits in this case is not yet clear. In one section of his Motion, Plaintiff claims he did not receive a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") and received a "final agency determination" from the Department of the Navy. (Mot. for Counsel 2.) Yet in another section of his Motion, Plaintiff claims he <u>did</u> receive a Notice of Right to Sue letter from the EEOC which is "attached to the complaint which accompanies this request for counsel." (*Id.*) No such letter is attached to Plaintiff's Complaint. (*See generally* Compl.) The Court is therefore currently unable to determine how likely Plaintiff is to succeed on the merits of his claim. Second, Plaintiff seems to have the ability to articulate his claims pro se thus far. He has successfully navigated the court system, filing two complaints against Defendant, along with the present motions. This indicates that Plaintiff at least has a basic understanding of and ability to litigate this action. Moreover, Plaintiff is employed with an income of $3,000 per month. (Mot. for Counsel 5.)[3] Plaintiff states he has not approached any attorneys regarding representation (*id.* at 3–4) so it is unclear to the Court how Plaintiff knows he is unable to afford an attorney. Therefore, the Court finds that neither the interests of justice nor any exceptional

---

[3] The Court notes Plaintiff's claimed monthly income on his Motion for Counsel differs from his claimed monthly income on his Motion for IFP. *Compare* IFP Mot. 1–2 *with* Mot. for Counsel 5.

circumstances warrant appointment of counsel at this time and **DENIES** Plaintiff's motion. This denial is **WITHOUT PREJUDICE** should Plaintiff later be able to make the requisite showing of exceptional circumstances.

## CONCLUSION

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed IFP (ECF No. 2). To proceed with his case, Plaintiff may, <u>within thirty days of the date on which this Order is electronically docketed</u>, either (1) pay the $400 filing fee for civil cases, or (2) file a new motion to proceed *in forma pauperis* that addresses the Court's above-mentioned concerns. The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel (ECF No. 3). Should circumstances change, Plaintiff may be permitted to file another motion for appointment of counsel.

**IT IS SO ORDERED.**

Dated:  September 19, 2017

Hon. Janis L. Sammartino
United States District Judge